# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CHRISTOPHER M. HERSH, SR.,** : | |
| Plaintiff, : | |
| : | |
| v. : | **CIVIL ACTION NO. 18-CV-3639** |
| : | |
| **MICHAEL P. RELLAHAN,** *et al.,* : | |
| Defendants. : | |

## MEMORANDUM

**RUFE, J.**                                                                               **SEPTEMBER** \_\_\_, **2018**

Plaintiff Christopher M. Hersh, Sr., a prisoner incarcerated at the Chester County Prison proceeding *pro se*, brings this civil action against Michael P. Rellahan (a reporter), the Daily Local News, and Erin O'Brien (an Assistant District Attorney), based on allegations that they defamed him. Hersh also filed a Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 1). For the following reasons, the Court will grant Hersh leave to proceed *in forma pauperis* and dismiss his Complaint.

## I. FACTS

A review of public dockets reflects that Hersh is awaiting trial on several burglary and related charges in the Chester County Court of Common Pleas. *See Commonwealth v. Hersh*, Docket Nos. CP-15-CR-0000060-2017; CP-15-CR-0000072-2017 & CP-15-CR-0002071-2017 (Chester Cty. Ct. of Common Pleas). His wife Anita Lynn Hersh was also charged with burglary and related offenses, and pled guilty on September 6, 2017. *Commonwealth v. Hersh*, CP-15-CR-0002614-2017.

The Complaint stems from an article written by Rellahan that appeared in the Daily Local News on July 27, 2018. The article, which is attached to the Complaint, reports that Anita Hersh

1

had been charged with child abuse and noted her attorney's contention that her bail had been set exceedingly high, at $100,000. According to the article, when the attorney questioned the $100,000 figure, "the prosecutor in the case told the judge that Hersh had been on bail at the time of her arrest on the child abuse charges for a string of home burglaries she and her husband allegedly committed in the southern and western Chester County areas in 2016." (Compl. ECF No. 2 at 11-12.)[1]

The article quotes Erin O'Brien "of the DA's Child Abuse Unit" as defending the high bail because "[Anita] Hersh had committed the alleged abuse while she was on bail for three burglary cases that involved her husband, Christopher Hersh, and another man, Jose Goynes [who appears to be identified as Hersh's brother]." (*Id.* at 12.) The article adds that Anita Hersh pleaded guilty to the burglary charges and is cooperating with the prosecution. It appears from the article and Complaint that Hersh and his wife are also facing burglary charges in Maryland.

In the Complaint, Hersh alleges that the article defames him by referencing him in connection with the allegations against his wife. He also believes that the article will prejudice him in his criminal cases. Hersh seeks $500,000 for defamation of character, release of an article "amend[ing] the slander/defamation of character of [his] name," and "seeking relief for jeopardizing [his] trial for the case(s) [he] is currently facing." (*Id.* at 8.)

## II. STANDARD OF REVIEW

The Court grants Hersh leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[2] As Hersh is proceeding *in forma*

---

[1] The Court adopts the pagination assigned to the Complaint by the CM-ECF docketing system.

[2] However, as Hersh is a prisoner, he will still be obligated to pay the $350 filing fee in installments pursuant to the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

2

*pauperis*, the Complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B)(ii). That statute requires the Court to dismiss the Complaint if it fails to state a claim.

Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "[M]ere conclusory statements do not suffice." *Id.* As Hersh is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

Liberally construing the Complaint, the Court understands Hersh to be raising due process claims under 42 U.S.C. § 1983 based on harm to his reputation, and defamation claims under state law. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Action under color of state law requires that the one liable under § 1983 have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law. *Harvey v. Plains Twp. Police Dep't*, 635 F.3d 606, 609-10 (3d Cir. 2011) (quotation omitted). Nothing in the Complaint, however, sets forth a basis for concluding that Rellahan and the Daily News could be considered state actors subject to liability under § 1983. *See id.*; *see also Harper v. Harrell*, No. 17-5603, 2017 WL 6594382, at *3 n.3 (E.D. Pa. Dec. 22, 2017) (concluding that the Philadelphia Daily News, Fox 29 News, and

3

their employees could not be considered state actors liable for defamation pursuant to § 1983). To the extent that O'Brien, the Assistant District Attorney, is a state actor, she is entitled to absolute immunity, as her comments were part of legal arguments to the trial court in the criminal case against Plaintiff's wife, and the pending charges made against Plaintiff and his wife were relevant to the argument that the trial court should impose a particular bail amount against Plaintiff's wife. *Kulwicki v. Dawson*, 969 F.2d 1454, 1463 (3d Cir. 1992) (finding that absolute immunity attaches to a prosecutor's "presentation of evidence or legal argument" before the trial court).

In any event, Hersh's Complaint fails to state an actionable due process claim under § 1983 based on harm to his reputation. An individual does not have a protected interest in reputation alone. *See Thomas v. Indep. Twp.*, 463 F.3d 285, 297 (3d Cir. 2006) (citing *Paul v. Davis*, 424 U.S. 693, 701 (1976)). Instead, "defamation is actionable under 42 U.S.C. § 1983 only if it occurs in the course of or is accompanied by a change or extinguishment of a right or status guaranteed by state law or the Constitution." *Clark v. Twp. of Falls*, 890 F.2d 611, 619 (3d Cir. 1989) (citing *Paul*, 424 U.S. at 701-12). Therefore, a plaintiff must plead a "stigma-plus" claim in his complaint. *See Hill v. Borough of Kutztown*, 455 F.3d 225, 236 (3d Cir. 2006) (noting that "to make out a due process claim for deprivation of a liberty interest in reputation, a plaintiff must show a stigma to his reputation plus deprivation of some additional right or interest"). "Outside the public employment context, this standard generally requires an allegation that the defamation was 'coupled with an alteration in legal status.'" *Hester v. Allentown Police Dep't*, No. CIV.A. 13-4249, 2013 WL 4482453, at *3 (E.D. Pa. Aug. 21, 2013)

Hersh alleges that, in addition to the harm to his reputation, he will suffer prejudice at trial. However, that allegation is entirely speculative and, thus, insufficient to support a "stigma-

4

plus" claim. *See Curley v. Monmouth Cty. Bd. of Chosen Freeholders*, No. 317CV12300BRMTJB, 2018 WL 3574880, at *10 (D.N.J. July 25, 2018) (no stigma-plus claim where "Curley's only alleged harm is his speculation that his chances for reelection may be harmed"). But even if Hersh could establish a sufficient interest here to trigger due process protection, it is not clear why the protections afforded to him as a criminal defendant would be insufficient. *See Otto v. Williams*, 704 F. App'x 50, 55 (3d Cir. 2017) (holding that plaintiffs' "criminal trial was a constitutionally sufficient name-clearing hearing" to afford them "due process in restoring their reputations"). Indeed, Hersh will presumably ask prospective jurors whether they have read any information in the newspaper about his criminal conduct to determine whether they are already familiar with his case or harbor any bias towards him in an effort to weed out jurors who might be prejudicial.

To the extent Hersh is raising defamation claims under state law, he has not established a basis for this Court's diversity jurisdiction under 28 U.S.C. § 1332(a). That provision grants a district court jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." The complaint fails to establish that the parties in this case are citizens of different states for purposes of § 1332. An individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain. *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011). "[T]he domicile of a prisoner before his imprisonment presumptively remains his domicile during his imprisonment." *Pierro v. Kugel*, 386 F. App'x 308, 309 (3d Cir. 2010).

The Complaint indicates that Hersh is incarcerated at the Chester County Prison, but it does not allege his domicile. Nor does the Complaint allege the domicile of the individual

5

Defendants. It is also not clear whether the Daily Local News is a corporation or unincorporated association—which is necessary for determining its citizenship—but it appears that entity is a citizen of Pennsylvania. *See* 28 U.S.C. § 1332(c)(1) (a corporation is a citizen of the state in which it was incorporated as well as the state where it has its principal place of business); *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010) ("[T]he citizenship of partnerships and other unincorporated associations is determined by the citizenship of its partners or members."). Accordingly, there is no basis for subject matter jurisdiction over any defamation claims.

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss the Complaint for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and for lack of subject matter jurisdiction. Hersh's federal claims, brought pursuant to 42 U.S.C. § 1983, will be dismissed with prejudice. Any state law claims that Hersh may assert will be dismissed without prejudice with leave to refile in state court. An appropriate Order follows.

BY THE COURT:

_/s/ Cynthia M. Rufe_
CYNTHIA M. RUFE, J.